FILED

JUL 31 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   CC-13-1329-KuBlPa |
| 701 MARIPOSA PROJECT, LLC, | Bk. No.   SV 12-11486-MT |
| Debtor. | |
| SHERRIE KEYS, | |
| Appellant, | |
| v. | **OPINION** |
| 701 MARIPOSA PROJECT, LLC, | |
| Appellee. | |

Argued and Submitted on June 26, 2014
at Pasadena, California

Filed – July 31, 2014
_____

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Maureen A. Tighe, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Sherrie Keys argued pro se; G. Bryan Brannon argued for appellee 701 Mariposa Project, LLC.

_____

Before: KURTZ, BLUMENSTIEL[*], and PAPPAS, Bankruptcy Judges.

_____

[*]The Honorable Hannah L. Blumenstiel, Bankruptcy Judge for the Northern District of California, sitting by designation.

KURTZ, Bankruptcy Judge:

**INTRODUCTION**

Pursuant to Rule 3004,[1] debtor 701 Mariposa Project, LLC filed a proof of claim on behalf of Sherrie Keys. 701 Mariposa then filed an objection to that claim, which the bankruptcy court sustained based in part on Keys' failure to respond to the claim objection. Roughly four months later, Keys filed a motion seeking to set aside the disallowance of her claim, but the bankruptcy court denied that motion. Keys appeals from the denial of her motion.

The bankruptcy court's order disallowing Keys' claim is void because the bankruptcy court did not have personal jurisdiction over Keys. Keys never filed a proof of claim, nor did she participate in any way in the bankruptcy case before she filed her motion to set aside, so she never consented to the bankruptcy court exercising jurisdiction over her or her claim. Furthermore, 701 Mariposa's service of process by mail on Keys did not comply with Rule 7004(b)(1).

As a result, the bankruptcy court should have granted Keys' motion and should have set aside the order disallowing Keys' claim. Therefore, we REVERSE and REMAND.

**FACTS**

701 Mariposa is a limited liability company that was formed

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure. All Civil Rule references are to the Federal Rules of Civil Procedure.

2

for the purpose of taking title to a single asset: a twenty-four-unit apartment building located on Mariposa Avenue in Los Angeles, California.[2] 701 Mariposa purchased the property at a nonjudicial foreclosure sale that took place in July 2011. 701 Mariposa took title subject to the senior liens of Pacific 701 Mariposa, LLC.

Keys is one of the former occupants of the apartment building. According to Keys, she duly and timely paid $600 monthly rent to an organization called People in Progress ("PIP"). In turn, PIP was obligated to pay rent to the prior owner of the apartment building, 709 South Mariposa, Inc., pursuant to a lease agreement. At some point, PIP stopped making rent payments to 709 South Mariposa. In May 2011, PIP vacated the apartment building and notified the other building occupants, including Keys, that it was discontinuing its affordable housing program and that the occupants would need to leave.

In August 2011, within days of its acquisition of the apartment building, 701 Mariposa hired a new property manager. According to 701 Mariposa, the new property manager, Pearson Management, immediately was confronted with a number of serious problems including unpaid utility bills, uncollected garbage, unrepaired fixtures and plumbing, and nonpaying occupants. Pearson Management, 701 Mariposa explains, took immediate steps

_____

[2] To facilitate our review and our recitation of facts, the Panel has reviewed the papers the parties filed in Keys' district court lawsuit and in 701 Mariposa's bankruptcy cases. While many of these papers were not included in the parties' excerpts of record, we can and do take judicial notice of the filing and contents of these papers. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

3

to rectify these problems.

Apparently, Pearson Management's initial management efforts included an attempt to evict Keys. While Pearson's initial eviction attempt was not successful, Keys eventually was evicted in September 2012.

In July 2012, Keys filed a lawsuit in the United States District Court against Pearson, 701 Mariposa and others seeking over $4.5 million in compensatory and punitive damages. According to Keys, the defendants' alternate efforts to evict her or to persuade her to relocate were all part of a pattern and practice designed to force out of the building the occupants brought in by PIP, who were predominantly minorities paying below-market-rate rent, and to replace them with white tenants willing and able to pay market-rate rents of double or triple what the PIP tenants were paying. Keys asserted that this pattern and practice violated local, state and federal law.

Meanwhile, 701 Mariposa filed its first chapter 11 bankruptcy case in August 2011, which was dismissed in February 2012. 701 Mariposa filed its second chapter 11 case later that same month. As reflected in 701 Mariposa's schedules, its only significant asset was the apartment building.

In April 2012, the bankruptcy court set a claims bar date of June 10, 2012. 701 Mariposa served notice of the claims bar date on its scheduled creditors, but Keys did not receive this notice because she was not a scheduled creditor. 701 Mariposa did not initially list Keys as creditor in its bankruptcy schedules, nor did 701 Mariposa amend its schedules either before or after Keys filed her $4.5 million district court lawsuit.

4

However, 701 Mariposa did file a notice of bankruptcy filing in the district court lawsuit in August 2012, which was served on Keys. In addition, pursuant to Rule 3004, 701 Mariposa filed that same month a $4.5 million proof of claim on Keys' behalf. 701 Mariposa attached to the proof of claim a copy of Keys' district court complaint.

701 Mariposa then filed, in October 2012, an objection to the proof of claim. In that objection, 701 Mariposa asserted that Keys' claim should be disallowed not only as untimely but also because the claim had no merit factually or legally. 701 Mariposa further asserted that the claim should be disallowed because Keys was suing 701 Mariposa in the district court in violation of the automatic stay.

Based on 701 Mariposa's notice of bankruptcy filing, the district court entered an order directing Keys to file either a request for voluntary dismissal of 701 Mariposa from the district court lawsuit or a motion for relief from stay seeking permission from the bankruptcy court to proceed with the district court lawsuit as against 701 Mariposa.

Keys never complied with the district court's order. Instead, on November 5, 2012, she filed a motion seeking an extension of time to comply with the district court's order. In the process of requesting this relief, Keys admitted that she had received email notice of 701 Mariposa's claim objection and that she was aware the claim objection had been set for hearing on November 29, 2012. Furthermore, she attached to her district court extension motion a copy of 701 Mariposa's claim objection.

Keys never filed a response to 701 Mariposa's claim

5

objection. After the November 29, 2012 hearing date, the bankruptcy court sustained the claim objection and disallowed Keys' claim for the reasons stated in the claim objection and based on Keys' failure to respond. The court entered its order disallowing Keys' claim on December 4, 2012.

The docket from the district court lawsuit and the documents filed therein demonstrate that Keys was aware of the bankruptcy court's order disallowing her claim by no later than December 12, 2012, when she replied to a December 6, 2012 opposition and a December 6, 2012 judicial notice request filed by 701 Mariposa in the district court lawsuit. 701 Mariposa's December 6, 2012 district court filings specifically refer to and attach a copy of the bankruptcy court's December 4, 2012 order disallowing Keys' claim.

Even so, Keys did not seek relief from the bankruptcy court's December 4, 2012 claim disallowance order until over four months later, when she filed her motion to set aside that order. Keys once again admitted in that motion that she had actual notice of 701 Mariposa's claim objection and the date set for the hearing thereon. The only relevant grounds Keys stated in support of the motion were insufficient service of process and the violation of her due process rights.

After 701 Mariposa responded to the reconsideration motion, the bankruptcy court held a hearing on the motion on June 28, 2013, at which the court adopted its tentative ruling as its final ruling. The court found that Keys' actual notice of the claim objection was sufficient to satisfy the minimal requirements of due process. As for the asserted defective

6

service of process, the bankruptcy court found that Keys was evicted from the apartment building in September 2012. The court further found that the apartment building no longer was Keys' "dwelling house or usual place of abode" as specified in Rule 7004(b)(1) and therefore 701 Mariposa's service of process was defective. Nonetheless, the court found that 701 Mariposa's service of process, in conjunction with Keys' actual notice, met the "substantial compliance standard" for service of process and thus was sufficient to give the bankruptcy court personal jurisdiction over Keys. Consequently, the bankruptcy court denied Keys' motion to set aside, and Keys timely appealed.

**JURISDICTION**

The bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have appellate jurisdiction under 28 U.S.C. § 158. We discuss below the bankruptcy court's personal jurisdiction over Keys.

**ISSUE**

Was the order disallowing Keys' claim void either because Keys was denied due process or because the bankruptcy court lacked personal jurisdiction over Keys?

**STANDARDS OF REVIEW**

Whether notice was sufficient for due process purposes is reviewed de novo. See Frates v. Wells Fargo Bank, N.A. (In re Frates), 507 B.R. 298, 301 (9th Cir. BAP 2014). To the extent the underlying facts are undisputed, the bankruptcy court's determination regarding personal jurisdiction also is reviewed de novo. See Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009). To the extent certain facts

7

regarding service of process are disputed, those facts are reviewed under the clearly erroneous standard. See S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).

Findings of fact are clearly erroneous if they are "illogical, implausible, or without support in the record." Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010).

**DISCUSSION**

Keys has argued in relevant part that 701 Mariposa's service of the claim objection was defective. Keys presses this argument on appeal even though she has admitted (a number of times) that she actually knew of the claim objection well before November 29, 2012 – the date set for the hearing on the claim objection. According to Keys' own declaration testimony, she found out about the claim objection and the hearing date from an email that she received from 701 Mariposa's counsel on October 15, 2012. Furthermore, the record establishes that she had received a full copy of the claim objection by no later than November 8, 2012. On that date, she filed papers in the district court lawsuit to which she attached a copy of the claim objection.

As Keys notes and the bankruptcy court found, 701 Mariposa served Keys at her address in the apartment building, but Keys no longer was living in the apartment building at that time because she had been evicted in September 2012. These factual findings have not been challenged on appeal, so we accept them as true. See Sachan v. Huh (In re Huh), 506 B.R. 257, 272 (9th Cir. BAP 2014) (en banc). Because 701 Mariposa did not serve Keys at her "dwelling house or usual place of abode," 701 Mariposa's

8

attempted service of process by mail did not comply with the requirements of Rule 7004(b)(1).

Based on this defective service of process, Keys in essence asserts two things: (1) that she was denied due process; and (2) that, as a result of 701 Mariposa's defective service of process, the bankruptcy court did not have personal jurisdiction over her.[3]

Both of Keys' assertions – lack of due process and lack of personal jurisdiction – implicate Rule 60(b)(4), which applies to Keys' motion to set aside. See United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006) ("when reconsideration under Rule 3008 is sought after the . . . appeal period has expired, the motion is subject to the constraints of FRCP 60(b) as incorporated by Rule 9024."). If either of Keys' assertions is true, then the December 2012 claim disallowance order was void, and the bankruptcy court should have granted Keys' motion to set aside. See Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.), 759 F.2d 1440, 1448 (9th Cir. 1985); see also S.E.C. v. Ross, 504 F.3d 1130, 1139 (9th Cir 2007) ("A judgment entered without jurisdiction over the defendant is void."). We will address each of Keys' assertions in turn.

**1. Lack of Due Process**

The due process requirements for notice are relatively

---

[3] We have construed Keys' pro se appeal briefs liberally, in accordance with Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990), partially overruled on other grounds by, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63 (2007).

minimal; they merely require notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

We understand that Keys may not have received all of the notices regarding the commencement of the bankruptcy case and the claims bar date contemplated under the Bankruptcy Code and the Rules, but Keys simply cannot parlay these procedural defects into a due process violation concerning 701 Mariposa's claim objection.  Keys has admitted that she had actual notice of the claim objection and the hearing thereon.  Furthermore, she had a full copy of the claim objection papers at least three weeks before the date set for the claim objection hearing.  These facts are more than sufficient to satisfy the due process requirements with respect to the claim objection proceedings.  See generally United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010).  Thus, Keys' due process argument lacks merit.

**2.  Lack of Personal Jurisdiction**

Effective service of process, made in compliance with Rule 7004 and Civil Rule 4, is a prerequisite to the bankruptcy court exercising personal jurisdiction over a litigant.  Marciano v. Fahs (In re Marciano), 459 B.R. 27, 37 (9th Cir. BAP 2011); Morris Motors v. Peralta (In re Peralta), 317 B.R. 381, 386 (9th Cir. BAP 2004).  As the Ninth Circuit has put it, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of [process] must be satisfied."  Rubin v. Pringle (In re Focus Media Inc.),

10

387 F.3d 1077, 1081 (9th Cir. 2004) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).

Generally speaking, the service of process prerequisite to personal jurisdiction applies in contested matters the same as it does in adversary proceedings. See Rule 9014(b)(requiring service of contested matter motions in the same manner that a summons and complaint must be served under Rule 7004); see also In re Frates, 507 B.R. at 302 (stating that, "when a particular creditor's rights are at issue," the bankruptcy rules require more than the minimal notice required to satisfy due process concerns). Accord, Beneficial Cal., Inc. v. Villar (In re Villar), 317 B.R. 88, 93-94 (9th Cir. BAP 2004).

Claims objections undoubtedly are contested matters subject to the requirements of Rule 9014. See Advisory Committee Notes accompanying Rules 3007 and 9014. However, unlike most contested matters, claims objections are subject to a specific Rule stating in part as follows: "A copy of the objection [to claim] with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing." Rule 3007(a).

In the past, the Panel has offered conflicting views regarding whether Rule 3007(a)'s mailing/delivery requirements are in addition to or in lieu of Rule 7004's service requirements. Compare United States v. Levoy (In re Levoy), 182 B.R. 827, 834 (9th Cir. BAP 1995), with Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.), 323 B.R. 703, 711-12 (9th Cir. BAP 2005), vacated as moot, 242 Fed.Appx. 460, 462 (9th Cir. 2007). Nonetheless, regardless of whether Rule 7004's

11

service requirements ordinarily apply when a creditor files a proof of claim and an interested party objects thereto, we hold that they do apply when, as here, the creditor has not filed a proof of claim, has not otherwise participated in the bankruptcy case, and has not otherwise engaged in any conduct that could be construed as consent to the bankruptcy court's personal jurisdiction. We further hold that when, as here, Rule 7004's service requirements have been contravened, the bankruptcy court lacks personal jurisdiction over the creditor.

In the vast majority of cases, it is beyond dispute that the bankruptcy court has personal jurisdiction over any creditor whose proof of claim has been objected to because the creditor consents to the bankruptcy court's personal jurisdiction by filing a proof of claim, thereby enabling the bankruptcy court to allow or disallow the claim and to determine the creditor's entitlement (if any) to share in distributions from the bankruptcy estate. See Katchen v. Landy, 382 U.S. 323, 334-35 (1966) (stating that "[b]y presenting their claims respondents subjected themselves to all the consequences that attach to an appearance" and that "a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined"); Tucker Plastics, Inc. v. Pay'N Pak Stores, Inc. (In re PNP Holdings Corp.), 99 F.3d 910, 911 (9th Cir. 1996) (holding that creditor consented to bankruptcy's personal jurisdiction by filing proof of claim).

But when, as here, the creditor has not filed a proof of claim, has not otherwise participated in the bankruptcy case, and has not otherwise engaged in any conduct that could be construed

12

as consent to the bankruptcy court's personal jurisdiction, personal jurisdiction principles dictate that federal courts cannot exercise jurisdiction over a litigant in the absence of proper service of process. See Omni Capital Int'l, Ltd., 484 U.S. at 104.

For this reason, "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992); see also Taylor v. Sturgell, 553 U.S. 880, 884 (2008). Similarly, when a federal court lacks personal jurisdiction over a litigant, that litigant "is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982).

Even though claims objections do not ordinarily generate personal jurisdiction issues, the bankruptcy court here apparently realized that, because Keys had not filed a proof of claim or otherwise participated in the bankruptcy case, the issue Keys raised in her motion about the sufficiency of service of the claims objection implicated the personal jurisdiction of the court. That is why the bankruptcy court felt compelled to discuss the substantial compliance doctrine, which under certain circumstances excuses minor technical defects in service of process. See Borzeka v. Heckler, 739 F.2d 444, 446–48 (9th Cir. 1984). Under the substantial compliance doctrine, a federal court need not dismiss a complaint for insufficient service of process based on technical defects in service of process when:

13

> (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

Whale v. United States, 792 F.2d 951, 953 (9th Cir. 1986) (quoting Borzeka, 739 F.2d at 447).

The bankruptcy court concluded that 701 Mariposa had met the requirements of the substantial compliance doctrine. The court found, based on Keys' own admissions, that she had actual notice of both the bankruptcy filing and the claim objection proceedings. In addition, the bankruptcy court found that 701 Mariposa had a justifiable excuse for its defective service. As the court pointed out, well after her eviction in September 2012, Keys continued to state in papers filed in the district court litigation that she lived in the apartment building. We have no issue with these findings.

However, the bankruptcy court's findings regarding prejudice are problematic. The court in essence found that each party potentially would be subject to prejudice depending on how it ruled on the reconsideration motion but that the equities tipped in favor of 701 Mariposa because Keys did not take any steps to remedy her automatic stay violation (her continuing prosecution of the district court lawsuit) after she learned of 701 Mariposa's second bankruptcy filing. This is not the type of assessment the substantial compliance standard calls for. On its face, the standard requires "no prejudice" to the party subjected to the defective service of process (in this instance, Keys) and "severe prejudice" to the party whose request for relief is

14

subject to dismissal for insufficient service of process (in this instance, 701 Mariposa). The bankruptcy court did not find that these specific criteria had been met, and that by itself should have prevented the court from applying the substantial compliance doctrine.

Furthermore, we disagree with the bankruptcy court's finding regarding the prejudice to 701 Mariposa that would arise if the court did not excuse the defective service of process. The only prejudice the court found was the obligation 701 Mariposa would have to "administer" Keys' $4.5 million claim in the absence of the court's order disallowing Keys' claim. In this instance, by "administer" the court in essence meant that 701 Mariposa would be forced to address Keys' claim on the merits if Keys were allowed to proceed with her challenge to the merits of 701 Mariposa's claim objection. The Ninth Circuit has held that being denied a "quick victory" and instead having to defend the merits of a claim typically constitutes little or no prejudice. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224–25 (9th Cir. 2000). In short, we hold that the bankruptcy court's finding regarding the prejudice to 701 Mariposa was clearly erroneous.

The biggest problem with the bankruptcy court's substantial compliance determination concerns whether the bankruptcy court should have applied the doctrine in this context at all. From our review of the cases applying the doctrine, it appears that the Ninth Circuit only has permitted the doctrine to be used as a shield to protect plaintiffs from the dismissal of their complaints based on technical defects in service of process.

15

See, e.g., Whale, 792 F.2d at 953; Borzeka, 739 F.2d at 446–48. The Ninth Circuit has not, based upon our research, permitted plaintiffs to use the doctrine as a sword against defaulting defendants who seek to set aside a default judgment based on defective service of process.

We acknowledge that the Ninth Circuit in other decisions has stated that, when the defendant receives sufficient notice, the service of process rules generally should be liberally construed to uphold service. See Brenneke, 551 F.3d at 1135 (citing Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)); United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Nonetheless, the Ninth Circuit also has stated that "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with [Civil] Rule 4." Brenneke, 551 F.3d at 1135 (emphasis added) (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).

As a matter of law, we do not consider 701 Mariposa's service by mail of its claim objection at the apartment building from which Keys had been evicted, combined with service by email, sufficient to qualify as substantial compliance with the service by mail requirements set forth in Rule 7004(b)(1), which require service by mail at the "individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." In In re Villar, we explained that service of process by mail for the purpose of establishing personal jurisdiction over a litigant is a "rare privilege which should not be abused or taken lightly." In re

16

*Villar*, 317 B.R. at 93. We further explained that "[w]here the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule." Id. (quoting In re Schoon, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993)).

Under these circumstances, service by mail of Keys at an address where she used to live simply is not substantial compliance with Rule 7004(b)(1).

Finally, the Supreme Court has indicated that, when the bankruptcy court has an "arguable basis" for exercising jurisdiction, a defect in that jurisdiction does not render the trial court's judgment void for purposes of a subsequent motion under Civil Rule 60(b)(4). *Espinosa*, 559 U.S. at 271. But the decisions *Espinosa* cited in support of the arguable basis doctrine indicate that the doctrine arises in the context of subject matter jurisdiction and not in the context of personal jurisdiction. We decline to extend the arguable basis doctrine to the bankruptcy court's determination here that it had personal jurisdiction over Keys. To do so would bring our decision into conflict with other Supreme Court precedent stating that litigants always may collaterally raise personal jurisdiction defects. See *Compagnie des Bauxites de Guinee*, 456 U.S. at 706 ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.").

**CONCLUSION**

For the reasons set forth above, we REVERSE and REMAND. On remand, the bankruptcy court should enter an order granting Keys'

17

motion to set aside the court's claim disallowance order.[4]

---

[4] In its appeal briefs, 701 Mariposa requested that sanctions be imposed against Keys for filing a frivolous appeal. 701 Mariposa's sanctions request did not comply with Rule 8020, which contemplates a separately filed motion. In any event, because Keys has prevailed in this appeal, we would have denied 701 Mariposa's sanctions request even if it had been properly brought before us.