**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:                    ) | BAP No.   CC-14-1333-KuDKi |
|                           ) | |
| JEANETTE DRYER,           ) | Bk. No.   14-13018 |
|                           ) | |
|          Debtor.          ) | |
| _____ ) | |
| EARSEY GREENWOOD,         ) | |
|                           ) | |
|          Appellant,       ) | |
|                           ) | |
| v.                        ) | **MEMORANDUM**[*] |
|                           ) | |
| UNITED STATES TRUSTEE;    ) | |
| JEANETTE DRYER; TIMOTHY J.) | |
| YOO, Chapter 7 Trustee,   ) | |
|                           ) | |
|          Appellees.       ) | |
| _____ ) | |

Argued and Submitted on February 19, 2015
at Los Angeles, California

Filed – February 27, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Earsey Greenwood argued pro se; Ron
Maroko argued for Appellee United States Trustee;
Appellee Jeanette Dryer, on brief, pro se.

_____

Before: KURTZ, DUNN and KIRSCHER, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Appellant Earsey Greenwood, who is not an attorney, admitted to assisting debtor Jeanette Dryer in preparing the forms she filed to commence her chapter 7[1] bankruptcy case. The bankruptcy court fined Greenwood under § 110 for not complying with the restrictions and requirements § 110 imposes on non-attorney bankruptcy petition preparers.

Greenwood appealed the bankruptcy court's ruling. In both the bankruptcy court and on appeal, Greenwood only has offered one argument why he should not be fined under § 110. He has argued that he was unaware of the statute's requirements and was unaware that the statute applied to him. But § 110 does not condition the imposition of fines on the non-attorney petition preparer's knowledge of the statute or its applicability. In any event, the bankruptcy court found Greenwood's claimed ignorance of § 110 not credible, and we hold that this finding was not clearly erroneous.

Accordingly, we AFFIRM.

## FACTS

In February 2014, without the assistance of a licensed attorney, Dryer commenced her bankruptcy case. Roughly one month later, the United States Trustee convened the § 341(a) meeting of creditors for Dryer's case, and Dryer duly appeared at the creditor's meeting for examination pursuant to § 343. At that

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

time, the United States Trustee's representative directed Dryer to complete a standard form Declaration for Debtors Without Attorney, which asks debtors whether and to what extent they were assisted in filing their bankruptcy papers by someone other than an attorney. In her declaration, Dryer disclosed that she paid $1,000 to Greenwood to assist her in preparing her bankruptcy papers. Dryer further disclosed that Greenwood advised her: (1) whether or not to file a bankruptcy petition; (2) the difference between chapter 7, 11, 12 and 13 of the bankruptcy code; (3) whether she would be able to retain her home, car or other property after the bankruptcy filing; and (4) how her debts should be listed in her bankruptcy schedules as either priority, secured or unsecured debts.[2] Dryer subsequently provided the United States Trustee with copies of two cancelled checks totaling $1,000 that she paid to Greenwood. The reverse side of each check shows what appears to be Greenwood's signature as an endorsement.

Based on Dryer's declaration and the contents of her bankruptcy filings, the United States Trustee filed and served a motion against Greenwood pursuant to § 110(h)(3) seeking disgorgement of the $1,000 in fees that Greenwood collected from Dryer and seeking the imposition of fines against Greenwood based on his violations of § 110. The United States Trustee pointed

---

[2]Greenwood included with his appeal papers a new declaration signed by Dryer in which she recanted many of the statements she had made in her Declaration for Debtors Without Attorney. This new declaration, dated August 14, 2014, was not part of the record before the bankruptcy court. Therefore, we will not consider it. See Castro v. Terhune, 712 F.3d 1304, 1316 n.5 (9th Cir. 2013).

3

out that Greenwood: (1) had not signed any of Dryer's bankruptcy filings (in violation of § 110(b)(1)); (2) had not filed the required Bankruptcy Petition Preparer's form declaration and notice (Bankruptcy Official Form B19) regarding his fees and the limited scope of non-attorney services he was permitted to perform for debtors (in violation of § 110(b)(2) and (h)(2)); and (3) had not placed his social security number on Dryer's bankruptcy filings (in violation of § 110(c)).

Greenwood filed an opposition to the motion in which he admitted that he helped prepare Dryer's bankruptcy papers by inputting or typing in the relevant information into the forms, but he claimed that he was unaware that he qualified as a bankruptcy petition preparer or that he needed to comply with § 110. The United States Trustee then filed a reply. In relevant part, the United States Trustee countered Greenwood's assertion that he did not know he qualified as a bankruptcy petition preparer and did not know of § 110's requirements. The United States Trustee presented evidence demonstrating that, in 2013, the bankruptcy court had fined Greenwood in another bankruptcy case for violating § 110.

At the hearing on the United States Trustee's motion, the bankruptcy court ruled in favor of the United States Trustee and against Greenwood. The court found that Greenwood was a bankruptcy petition preparer within the meaning of the statute. The bankruptcy court also found that Greenwood committed four separate violations of § 110(b)(1) by not signing Dryer's petition, her schedules, her statement of financial affairs and her statement of intention. The bankruptcy court further found

4

that Greenwood committed three separate violations of § 110(c)(1) by not putting his social security number or other "identifying number" on Dryer's petition, her schedules and her statement of financial affairs. According to the court, Greenwood also violated § 110(b)(2) by not filing the required form notice to the debtor regarding the limitations and restrictions on his services and violated § 110(h)(2) by not signing and filing a declaration regarding the fees Dryer paid him.

Finally, the bankruptcy court found Greenwood was not credible when he claimed he was not aware of the above-referenced requirements. The court pointed out that Greenwood previously had been fined for similar violations. The court additionally pointed out that the petition Greenwood filled out for Dryer contained a prominent signature block for non-attorney petition preparers. In any event, the court reasoned, even if Greenwood had not been aware of § 110's requirements, lack of knowledge of the requirements is not a valid excuse for noncompliance.

On account of its findings, the court imposed $4,000 in fines based on eight separate violations of § 110 at $500 per violation (see § 110(l)(1)) and then trebled the $4,000 in accordance with § 110(l)(2)(D), thereby bringing the total fines imposed to $12,000. The court also ruled that Greenwood had forfeited the $1,000 in fees he collected from Dryer pursuant to § 110(h)(3)(B) because of his violation of § 110's other provisions. The court ordered Greenwood to reimburse the $1,000

5

to Dryer.[3]

On June 30, 2014, the bankruptcy court entered its order imposing the $12,000 in fines and directing Greenwood to disgorge the $1,000 in fees, and Greenwood timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err when it fined Greenwood for violating § 110?

**STANDARDS OF REVIEW**

We review the bankruptcy court's imposition of fines under § 110 for an abuse of discretion. See Frankfort Digital Servs., Ltd. v. U.S. Trustee (In re Reynoso), 315 B.R. 544, 550 (9th Cir. BAP 2004), aff'd, 477 F.3d 1117 (9th Cir. 2007).

The abuse of discretion standard of review first requires us to consider whether the bankruptcy court identified the correct legal rule to apply. Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1067 (9th Cir. 2014). And second, if the court identified the correct legal rule to apply, we then must determine whether

---

[3]Greenwood claimed that he used a portion of the $1,000 from Dryer to pay Dryer's filing fees. The bankruptcy court found that Greenwood's claim was not as credible as Dryer's statement in her Declaration for Debtors Without Attorney that she separately paid her bankruptcy filing fees. In any event, as the court noted, § 110(g) prohibited Greenwood from collecting the court fees from Dryer, and Greenwood's violation of this prohibition served as a separate and independent basis for Greenwood's forfeiture of the entire $1,000.

the court's findings of fact, and its application of those findings to the law, were illogical, implausible, or without support in the record. Id.

**DISCUSSION**

Perceiving a need to curtail widespread fraud, abuse and the unauthorized practice of law, Congress enacted legislation in 1994 seeking to restrict the activities of non-attorney bankruptcy petition preparers. See Ferm v. U.S. Trustee (In re Crawford), 194 F.3d 954, 957 (9th Cir. 1999). The centerpiece of that legislation was § 110. Id. As indicated in the facts section above, § 110 imposes a number of requirements and restrictions on bankruptcy petition preparers and also imposes fines for noncompliance. See In re Branch, 504 B.R. 634, 639 (Bankr. E.D. Cal. 2014)(explaining requirements, restrictions and fines). In the 2005 amendments to the Bankruptcy Code, Congress went even further and enhanced the restrictions, added further requirements, and streamlined the procedures for imposing fines for noncompliance. See H.R. Rep. No. 109-31(Pt. 1), at 62, as reprinted in 2005 U.S.C.C.A.N. 88, 132.

In the bankruptcy court and on appeal, Greenwood contends that he did not know that he qualified as a bankruptcy petition preparer. According to Greenwood, he should not have been fined under § 110 when he was unaware that the statute applied to him or of the statute's requirements. Interpreting Greenwood's pro se contentions liberally as we must, see Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC), 514 B.R. 10, 12 (9th Cir. BAP 2014), we will first consider the bankruptcy court's determination that Greenwood qualified as a bankruptcy

7

petition preparer, and then we will address Greenwood's argument regarding his lack of knowledge.

The statute defines the term "bankruptcy petition preparer" broadly, as follows:

(a) In this section –

(1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

(2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

11 U.S.C. § 110; see also In re Reynoso, 477 F.3d at 1123 (broadly construing § 110's definition of bankruptcy petition preparers).

Under the statute's broad definition of the term "bankruptcy petition preparer," the record here amply supports the bankruptcy court's determination that Greenwood qualified as a bankruptcy petition preparer. Greenwood admitted that Dryer compensated him for inputting information into the relevant forms to assist Dryer in filing her bankruptcy documents. Under these circumstances, we perceive no error regarding the court's bankruptcy petition preparer determination.

As for Greenwood's asserted lack of knowledge, § 110 does not condition the imposition of fines for noncompliance on the violator's state of mind. When it wants to do so, Congress knows how to limit the consequences for noncompliance with the Bankruptcy Code to violators who acted knowingly and/or wilfully. See, e.g., §§ 111(g)(2), 362(k)(1), 363(n), 524(i),

8

1141(d)(6)(B)(ii). Congress included no such limitation in § 110, and we know of no rationale that would permit us to read into the statute such a limitation. See generally Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (when interpreting statute that is clear on its face, the court's only task is to apply the statute in accordance with its non-absurd plain meaning). Our reading of § 110 also is consistent with the general principle that ignorance of the law is no excuse. See Antonio-Martinez v. INS, 317 F.3d 1089, 1093 (9th Cir. 2003).

Furthermore, as the United States Trustee has pointed out, § 110 previously contained language that directed the court to excuse noncompliance when there was a "reasonable cause" for the violator's noncompliance. However, when Congress amended the bankruptcy code in 2005, it deleted the "reasonable cause" language from § 110 and thereby removed it as an exception to the imposition of fines under § 110. See In re Woodward, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004) (pre-2005 case explaining former reasonable cause exception). Simply put, Congress' 2005 deletion of the reasonable cause exception from § 110 bolsters our conviction that there is no excuse available to Greenwood based on his asserted ignorance of § 110.

Even if there existed some exception to § 110's fines based on Greenwood's ignorance of the statute, the bankruptcy court found that Greenwood's asserted ignorance was not credible. The basis for the court's credibility determination was twofold. First, the court pointed out that the bankruptcy forms Greenwood filled out for Dryer contained conspicuous signature blocks for bankruptcy petition preparers to complete. Given that Greenwood

9

was confronted with these signature blocks when he filled out the forms for Dryer, the court reasoned that Greenwood's asserted ignorance of § 110's requirements was feigned. Second, according to the court, Greenwood previously was fined under § 110 in another bankruptcy case, and thus the court could not accept Greenwood's claim to have been unaware of § 110 and its requirements.

Greenwood has not offered any explanation or argument why the bankruptcy court's finding that he was aware of § 110 was illogical, implausible or without support in the record. Nor is any such deficiency evident to us. Accordingly, we have no grounds to overturn the bankruptcy court's finding on this point.

Greenwood does not challenge or dispute any other aspect of the bankruptcy court's decision. Moreover, having reviewed the record, we cannot say that any of the bankruptcy court's other findings were illogical, implausible or unsupported by the record. Consequently, there are no grounds here that would justify our reversing the bankruptcy court's decision.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order against Greenwood based on his violation of § 110.

10