FILED

MAY 31 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. NV-14-1589-DFB |
| | ) | |
| MICHELLE DARLENE WILSON, | ) | |
| | ) | Bk. No. 14-14674-BTB |
| Debtor. | ) | |
| _____ | ) | |
| MICHELLE DARLENE WILSON, | ) | Adv. Proc. No. 14-01120-BTB |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| DESERT REALTY, INC.; EDWARD | ) | |
| KANIA; SOUTHERN NEVADA | ) | |
| EVICTION SERVICES, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument on May 19, 2016

Filed - May 31, 2016

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Michelle Darlene Wilson, pro se on
brief; John Wendland of Weil & Drage, APC on brief
for Appellee Desert Realty, Inc.; Edward D. Kania
on brief for Appellees Edward D. Kania and
Southern Nevada Eviction Services.

_____

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

Before:  DUNN, FARIS, and BARASH,[2] Bankruptcy Judges.

Michelle Darlene Wilson appeals orders of the bankruptcy court that dismissed the adversary proceeding Ms. Wilson filed in her bankruptcy case alleging that Desert Realty, Inc. ("DRI"), Edward D. Kania, Esq. ("Mr. Kania"), and Southern Nevada Eviction Services ("SNES") had violated the stay which arose pursuant to § 362(l)[3] of the Bankruptcy Code.

We AFFIRM.

## I.  FACTUAL BACKGROUND

Ms. Wilson and her sister, Patricia Roberta Lindsey, entered into a lease agreement with DRI on November 15, 2013, for an apartment in Las Vegas, Nevada.  After the sisters defaulted in paying rent under the terms of the lease agreement, DRI commenced eviction proceedings.

To delay those proceedings, Ms. Lindsey filed a chapter 13 bankruptcy petition on March 5, 2014.  DRI promptly moved for relief from the § 362 automatic stay against Ms. Lindsey ("Lindsey MRS") to continue the eviction proceedings.  After Ms. Lindsay did not bring the payments due under the lease current by April 30, 2014, as ordered by the bankruptcy court as a condition to continuing the automatic stay, an order granting

---

[2] Hon. Martin R. Barash, United States Bankruptcy Judge for the Central District of California, sitting by designation.

[3] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

the Lindsey MRS was entered on June 2, 2014 ("RFS Order"). DRI thereafter obtained an order for eviction ("Eviction Order") in the state court on June 19, 2014. The sisters' appeal of the Eviction Order was denied on July 8, 2014. Ms. Wilson filed her own bankruptcy petition at 3:43 p.m. on July 8, 2014.

**The Eviction Order and §§ 362(b)(22) and (l)**

To put the facts in proper context, it is necessary to set forth the statutory provisions that govern the issues before us.

As relevant to this appeal, § 362(a) provides:

> **Except as provided in subsection (b) of this section**, a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of
>
> . . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

(Emphasis added.)

As relevant to this appeal, § 362(b)(22) provides:

> The filing of a petition under section 301 . . . of this title . . . does not operate as a stay –
>
> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential real property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment of possession of such property against the debtor . . . .

As demonstrated below, Ms. Wilson clearly understood that the Eviction Order, entered well before she filed her bankruptcy petition, meant that the eviction proceedings were not covered by the automatic stay unless somehow the terms of § 362(l) became

applicable in her case.

Section 362(l) provides:

(1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that –

(A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and

(B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

(2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).

(3)(A) If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

(B) If the court upholds the objection of the lessor filed under subparagraph (A) -

(I) subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and

(ii) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the court's order upholding the lessor's objection.

(4) If a debtor, in accordance with paragraph (5), indicates on the petition that there was a judgment for possession of residential real property in which the debtor resides and does not file a certification under paragraph (1) or (2) --

-4-

(A) subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and

(B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22).

(5)(A) Where a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor that obtained that pre-petition judgment on the petition and on any certification filed under this subsection.

(B) The form of certification filed with the petition, as specified in this subsection, shall provide for the debtor to certify, and the debtor shall certify –

(I) whether a judgment for possession of residential rental housing in which the debtor resides has been obtained against the debtor before the date of the filing of the petition; and

(ii) whether the debtor is claiming under paragraph (1) that under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment of possession was entered, and has made the appropriate deposit with the court.

(C) The standard forms (electronic and otherwise) used in a bankruptcy proceeding shall be amended to reflect the requirements of this subsection.

(D) The clerk of the court shall arrange for the prompt transmittal of the rent deposited in accordance with paragraph (1)(B) to the lessor.

**Section 362(l) proceedings.**

Again, Ms. Wilson filed her bankruptcy petition on July 8, 2014. The following day, July 9, 2014, Ms. Wilson filed an amended petition ("Amended Petition"). The Amended Petition was necessary, as stated by Ms. Wilson under penalty of perjury,

because Ms. Wilson had failed to mark the "Certification by a Debtor Who Resides As a Tenant of Residential Property" ("Certification") that appears at the bottom of page 2 of Official Form 1 in effect on the petition date. Ms. Wilson checked each box of the Certification, thus representing under penalty of perjury:

– that DRI had a judgment against her for possession of her residence;

– that under applicable nonbankruptcy law there were circumstances under which she would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered; and

– that she was including with the Amended Petition the deposit with the bankruptcy court of any rent that would become due during the 30-day period after the filing of the petition.

Also on July 9, 2014, Ms. Wilson tendered to the clerk ("Clerk") of the bankruptcy court a money order payable to DRI in the amount of $700.00. The Clerk promptly served on DRI its "Clerk's Acceptance and Transmittal of Rent Deposit" ("Transmittal") together with the money order. The Transmittal states:

> The debtor in the above captioned case filed a petition in this court on July 8, 2014. The debtor asserts an exception to the limitation of the automatic stay under [§ 362(l)(1)], and a right to cure the pre-petition judgment under non-bankruptcy law.
>
> Pursuant to [[§ 362(l)(1)(B)], the clerk has accepted from the debtor a deposit of rent in the amount of $700.00 which represents the rent that becomes due during the 30-day period after the filing of the bankruptcy petition. The clerk hereby transmits, by certified mail, the rent deposit to [DRI].

-6-

DRI filed its response ("Response") to the Transmittal on July 28, 2014, asserting that because Ms. Wilson did not tender the full 30 days' rent, which was $2,534[4] pursuant to the terms of the lease, a copy of which was attached to the Response, Ms. Wilson had not complied with the requirements of § 362(l)(1).

The bankruptcy court scheduled a hearing ("§ 362(l) Hearing") on the Response. The § 362(l) Hearing was held on August 6, 2014.[5] At the § 362(l) Hearing, Ms. Wilson argued that (1) the Eviction Order was void because DRI had not obtained relief from the § 1301 co-debtor stay as to Ms. Wilson in Ms. Lindsey's bankruptcy case, and (2) Ms. Wilson had tendered the full amount of "her portion" of the lease payment for the next 30 days. The bankruptcy court clarified for Ms. Wilson that the full amount of the lease payment, or $2,534, was required to be paid to receive the protections of § 362(l). On September 8, 2014, the bankruptcy court entered its order ("§ 362(l) Order") with respect to the Certification and the Response. The § 362(l) Order required Ms. Wilson (and/or Ms. Lindsey) to pay to DRI in

---

[4] The monthly rent was $2,500; there was also an obligation to pay $34 each month for utilities.

[5] On August 5, 2014, the day before the § 362(l) Hearing, Ms. Wilson filed a second certification stating "Debtor under penalty of perjury **has cured**, under non-bankruptcy law applicable in the jurisdiction, **the entire monetary default that gave rise to the judgment under which possession is sought by the lessor**, [sic] subsection (b)(22) shall not apply, unless ordered to apply by the Court under paragraph (3)." (Emphasis added.) This second certification was not discussed at the § 362(l) Hearing. In any event, there is no dispute that Ms. Wilson had not cured the underlying default at the time she filed it or at any time thereafter.

certified funds (1) $2,534.00 for the August 2014 lease payment on or before August 11, 2014, and (2) the monthly lease payment of $2,534.00 on or before the 5th day of each month thereafter. If DRI did not receive the lease payments as specified, the § 362(l) Order provided that the bankruptcy court would immediately lift any and all stays relating to Ms. Wilson and Ms. Lindsey in both bankruptcy cases and permit DRI to go forward with all available remedies to take possession of the leased property. When Ms. Wilson or her sister failed to pay the December 2014 rent by December 5, 2014, as required by the § 362(l) Order, the bankruptcy court entered its "Amended Supplemental Ex Parte Order" ("Stay Relief Order"), which granted relief from all stays as described in the § 362(l) Order.[6]

**Adversary Proceeding**

In the meantime, despite Ms. Wilson's Certification under § 362(l) in her bankruptcy case, on July 18, 2014, DRI, Mr. Kania, and SNES filed a motion ("Enforcement Motion") in state court for an expedited hearing to enforce the Eviction Order. Ms. Wilson was then served with a Notice to Appear in state court on July 29, 2014 with respect to the Enforcement Motion.

On July 29, 2014, Ms. Wilson initiated in her bankruptcy case an adversary proceeding ("Adversary Proceeding") against DRI, Mr. Kania, and SNES, by filing a complaint ("Complaint") in

---

[6] Ms. Wilson appealed the Stay Relief Order. On May 1, 2015, our Motions Panel dismissed that appeal, BAP No. 14-1592, on Ms. Wilson's motion, on the basis that she had been evicted, and the appeal therefore was moot.

-8-

which she asserted that the actions taken with respect to the Enforcement Motion constituted "willful, intentional, gross and flagrant violations of the provisions of [§§ 362 and 1301]." Ms. Wilson alleged that she suffered significant emotional harm as a result of the willful violation of the automatic stay, for which she sought compensatory and punitive damages in an unspecified amount. (The cover sheet to the Adversary Proceeding reflects that the demand amount was "$75,000 actual and punitive damages and costs.")

**DRI's Motion to Dismiss**

On August 28, 2014, DRI filed its motion to dismiss the Complaint ("DRI Dismissal Motion") pursuant to Civil Rule 12(b)(6) for failure to state a claim upon which relief could be granted. DRI asserted that Ms. Wilson never had a right to seek a temporary stay under § 362(l), because under Nevada law, she was not permitted to cure the monetary default underlying the Eviction Order and because she did not tender 30 days' rent. DRI further asserted that even if its actions with respect to the Enforcement Motion violated the temporary stay available through § 362(l), Ms. Wilson had not suffered any prejudice or damages where she continued to enjoy the use of the property without fully compensating DRI for that use.[7] The DRI Dismissal Motion was set for hearing to be held October 14, 2014. The deadline for Ms. Wilson to respond to the DRI Dismissal Motion was September 30, 2014.

---

[7] The hearing on the Eviction Motion took place on July 29, 2014 as scheduled. The state court entered a further Eviction Order, but stayed the order until 5:00 p.m. August 11, 2014.

-9-

Ms. Wilson filed her "answer" to the DRI Dismissal Motion on October 2, 2014, and appears to have attempted to postpone resolution of the DRI Dismissal Motion by scheduling her answer for hearing on November 25, 2014. The "answer" complains only that DRI did not comply with Local Rule 5004(a), (b) and (c), which deprived her of her due process rights.

DRI filed its reply to Ms. Wilson's "answer" on October 7, 2014, pointing out that it was untimely and failed to oppose the DRI Dismissal Motion substantively.

At the October 14, 2014 hearing on the DRI Dismissal Motion, at which Ms. Wilson appeared, the bankruptcy court granted the DRI Dismissal Motion. Fundamental to the issues Ms. Wilson asserts in this appeal, the bankruptcy court ruled that the § 1301 codebtor stay Ms. Wilson had in her sister's bankruptcy case terminated on June 2, 2014, when the order was entered in Ms. Lindsey's case granting relief from the automatic stay to DRI to continue eviction proceedings. Because there was no active codebtor stay when the Eviction Order was entered, it was a valid order entered prepetition [with respect to Ms. Wilson's bankruptcy case] as to which applicable nonbankruptcy law did not afford a right to cure. The order ("DRI Dismissal Order") was entered December 23, 2014. The DRI Dismissal Order recited that Ms. Wilson's "answer" was untimely, that the bankruptcy court previously had determined in an adversary proceeding Ms. Wilson had filed in Ms. Lindsey's bankruptcy case that § 1301 did not provide Ms. Wilson with a stay beyond June 2, 2014, that would render the Eviction Order void, and that Ms. Wilson had filed multiple bankruptcy cases since 1993 and, in Case No. 12-18817,

-10-

had been found by the bankruptcy court to be a serial filer. The DRI Dismissal Order granted the DRI Dismissal Motion and dismissed the Adversary Proceeding but used an incorrect case number to do so. Ms. Wilson timely appealed the DRI Dismissal Order.

**Kania/SNES Motion to Dismiss**

On August 28, 2014, Mr. Kania (on behalf of himself and SNES) also filed a motion to dismiss the Complaint ("Kania Dismissal Motion") pursuant to Civil Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Mr. Kania asserted that Ms. Wilson was abusing the bankruptcy system where she had filed bankruptcy twelve times since 1993, and that Ms. Wilson never had a right to seek a temporary stay under § 362(l) because under Nevada law she was not permitted to cure the monetary default underlying the Eviction Order and because she did not tender 30 days' rent. In defense of his own behavior, Mr. Kania asserted that the actions undertaken in the state court did not violate any stay because they were ministerial. Finally, Mr. Kania asserted that even if the actions did violate a stay in Ms. Wilson's bankruptcy case, she had not incurred damages as a matter of law.

Ms. Wilson filed her "answer" to the Kania Dismissal Motion on October 2, 2014. The "answer" complains that Mr. Kania and SNES did not comply with Local Rules 5004(a), (b) and (c), 7005(a), 7010(a) and (b), 7056 and 9014(b)(1), all of which deprived her of her due process rights.

Mr. Kania filed his reply to Ms. Wilson's "answer" on October 6, 2014, pointing out that it was untimely and failed to

oppose the motion substantively.

Although it does not appear that the Kania Dismissal Motion ever was set for hearing, Mr. Kania appeared and argued at the October 14, 2014 Hearing. After ruling on the DRI Dismissal Motion, the bankruptcy court stated that "the individual case and the case against the company are the same. I'm dismissing those also. I'm granting the [Kania Dismissal Motion] for the same reasons I'm granting the [DRI Dismissal Motion]."

The bankruptcy court entered its order ("Kania Dismissal Order") granting the Kania Dismissal Motion and dismissed the Adversary Proceeding, but again used an incorrect case number to do so. Ms. Wilson timely appealed the Kania Dismissal Order.

**Proceedings on Remand**

DRI filed an emergency motion in the appeal on January 27, 2015, seeking remand to return to the bankruptcy court to correct the DRI Dismissal Order, both as to the incorrect case number, and to include its holding, inadvertently omitted, that the temporary stay under § 362(l) was not applicable and therefore not violated. Our motions panel granted a limited remand on February 4, 2015 to allow the bankruptcy court "to rule on a motion to amend or correct the [DRI Dismissal Order] to whatever extent the bankruptcy court sees fit."

An amended order ("Amended DRI Dismissal Order") granting the DRI Dismissal Motion was entered on January 5, 2016 and is now the order on appeal as to DRI.[8] The Amended Dismissal Order

_____

[8] It does not appear that Mr. Kania took any action to correct the Kania Dismissal Order which contained the same flaws
(continued...)

-12-

now includes the following finding: "DRI did not violate the thirty (30) day temporary stay under [§ 362(l)] as the [Eviction Order] had been entered in favor of DRI prior to Wilson's filing bankruptcy and Wilson, under Nevada law, had no circumstances or mechanism to cure said judgment. See In re Jackson, No. 13-21676, 2013 WL 3956994 (Bankr. D. Colo. July 30, 2013); see also Nev. R. Stat. § 40.253."

As did the DRI Dismissal Order, the Amended DRI Dismissal Order denied Ms. Wilson's oral motion for stay pending appeal.

This panel was advised through pleadings filed by Ms. Wilson in another appeal that she was evicted on January 12, 2015. In addition, on January 27, 2016, the bankruptcy court dismissed Ms. Wilson's bankruptcy case because she had failed to obtain confirmation of any of the nine plans she had proposed. At that time, her bankruptcy case had been pending more than nineteen months.

## II.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUES

1)  Whether the Bankruptcy Court erred when it determined that Ms. Wilson was not entitled to the benefit of the § 362(l) temporary stay.

2)  Whether Ms. Wilson's due process rights were violated by

---

[8](...continued)
as the DRI Dismissal Order.

-13-

the bankruptcy court's dispositions of the DRI Dismissal Motion and the Kania Dismissal Motion.[9]

### IV.   STANDARDS OF REVIEW

Application of basic rules of procedure and construction of the Bankruptcy Code present questions of law that we review de novo. All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 87 (9th Cir. BAP 2007).  De novo review requires that "we consider a matter anew, as if no decision had been rendered previously." Mele v. Mele (In re Mele), 501 B.R. 357, 362 (9th Cir. BAP 2013).

Assertions of violation of due process are reviewed de novo. In re Victoria Station, 875 F.2d 1380, 1382 (9th Cir. 1989).

We may affirm a decision of the bankruptcy court on any basis supported by the record.  Hooks v. Kitsap Tenant Support Services, Inc., 816 F.3d 550, 554 (9th Cir. 2016); ASARCO, LLC v.

---

[9]  Ms. Wilson asserts that the bankruptcy court further erred as follows:
1.   In granting the Kania Dismissal Motion and the DRI Dismissal Motion.
2.   In ruling that her "answers" were untimely.
3.   In determining that the § 1301 codebtor stay is designed only for the protection of the debtor and is merely incidental to the codebtor.
4.   In determining that the § 1301 codebtor stay available to Ms. Wilson in Ms. Lindsey's bankruptcy case terminated on June 2, 2014, with the result that the Eviction Order was not entered in violation of the § 1301 codebtor stay.
5.   In determining that Ms. Wilson previously had been found to be a serial filer.
6.   In entering the Kania Dismissal Order despite the Kania parties' failure to follow the local rules.
We have distilled the issues before us to the two listed above necessary to the disposition of this appeal.

-14-

<u>Union Pac. R.R. Co.</u>, 765 F.3d 999, 1004 (9th Cir. 2014); <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V.  DISCUSSION

**Ms. Wilson Was Not Entitled to a Temporary Stay Under § 362(l)**

Section 362(l)(1)(B) required that Ms. Wilson certify on her petition that she had deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.  DRI established that Ms. Wilson's Certification under § 362(l)(1)(B) was patently false, where she deposited only $700 of the $2,534 rent due under the lease.  Because the requirements of both § 362(l)(1)(A) and (B) must be met, as evidenced by use of the conjunction "and" between them, Ms. Wilson's failure to tender the required deposit to the bankruptcy court with her Amended Petition is fatal to any claim that the eviction proceedings were stayed under § 362(l).  <u>In re Jackson</u>, No. 13-21676, 2013 WL 3956994 (Bankr. D. Colo. July 30, 2013).

Further, Ms. Wilson asserted, unsuccessfully, in both the state court and in her adversary proceeding in her sister Ms. Lindsey's bankruptcy case that the § 1301 codebtor stay applied to void the Eviction Order.[10]  However, in her Amended

---

[10]  At the October 2, 2014 hearing in Ms. Wilson's adversary proceeding filed in Ms. Lindsey's bankruptcy case, the bankruptcy court stated that the RFS Order entered June 2, 2014, dealt with the co-debtor stay where the issue had been raised at the hearing and where the RFS Order provided that DRI could go to state court and exercise all remedies it had.  In light of the apparent uncertainty regarding the state of the co-debtor stay, however, the bankruptcy court ruled that "to the extent I did not lift the stay as to the co-debtor stay, I am retroactively, to the day of the hearing, doing that in the interest of equity, which I'm
(continued...)

Petition, Ms. Wilson certified under penalty of perjury both that under applicable nonbankruptcy law, she would be permitted to cure the monetary defaults under her lease and that she had deposited with the bankruptcy court "any rent that would become due during the 30-day period after the filing of [her] petition." Because she never fulfilled the rental deposit requirement of her certification, we do not consider her co-debtor stay argument with respect to her further certification that she had a right to cure the lease rent defaults.

**Dismissal Under Civil Rule 12(b)(6) Was Appropriate**

Ms. Wilson was evicted from her residence after this appeal was commenced. Her Complaint sought damages for violation of the stay she believed arose under § 362(l). However, as discussed above, Ms. Wilson never satisfied the requirements for § 362(l) to apply and counter the effects of § 362(b)(22). Section 362(b)(22) operated to allow appellees to continue with their eviction efforts postpetition without obtaining relief from stay. With the Complaint premised on the application of § 362(l) to cause a stay to arise, it consequently failed to state a claim upon which relief could be granted, and the bankruptcy court did not err in dismissing the Complaint under Civil Rule 12(b)(6), applicable in adversary proceedings before the bankruptcy court under Rule 7012(b).[11]

---

[10] (...continued) allowed to do under appropriate case law." We express no opinion as to the propriety of these rulings.

[11] While we do not reach the merits of Ms. Wilson's (continued...)

-16-

**Alleged Lack of Due Process**

Ms. Wilson argues that the bankruptcy court's dismissal of her Complaint violated her due process rights in light of appellees' violations of various local rules of the bankruptcy court in noticing the DRI Dismissal Motion and the Kania Dismissal Motion. "The due process requirements for notice are relatively minimal; they merely require notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC), 514 B.R. 10, 15 (9th Cir. BAP 2014), quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Ms. Wilson raises a number of alleged violations of the bankruptcy court's local rules by the appellees in providing her with notice and scheduling the hearing at which the bankruptcy court considered the DRI Dismissal Motion and the Kania Dismissal Motion. However, the record is clear that Ms. Wilson had notice of the motions weeks in advance of the hearing and that she attended the hearing, and she does not argue otherwise. Her responses to the motions were filed late, and Ms. Wilson did not raise any substantive arguments in opposition to the motions in

---

[11](...continued)
Complaint, we note that Ms. Wilson failed to quantify any component of her damages claim either in the allegations of her Complaint or in its prayer. The record establishes that through her actions and the actions of her sister, Ms. Wilson received the benefit of continued possession of the leased premises postpetition for at least six months.

either response. The bankruptcy court refused to consider her late responses, but ultimately, we do not perceive any violation of Ms. Wilson's due process rights with respect to the proceedings that resulted in the dismissal of her Complaint. See generally United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010). Accordingly, Ms. Wilson's due process arguments lack merit.

## VI.  CONCLUSION

The bankruptcy court did not err when it determined that Ms. Wilson was not entitled to the benefit of the § 362(l) temporary stay by the terms of the statute. Accordingly, the bankruptcy court did not err in dismissing her Complaint for failure to state a claim upon which relief could be granted.

We AFFIRM.