MEMORANDUM **
Suzanne F. Jorgenson appeals from the judgment of the Bankruptcy Appellate Panel (“BAP”), which affirmed the bankruptcy court’s denial of Jorgenson’s motion to vacate a prior order disallowing her claim against State Line Casino. As the facts and the procedural posture of the case are known to the parties, we repeat them here only as necessary.
We conclude that Jorgenson’s appeal is moot and therefore lack jurisdiction to reach the merits. Consejo de Desarrollo Economico de Mexicali A.C. v. United States, 482 F.3d 1157, 1170 (9th Cir.2007). While Jorgenson’s appeal was pending be fore this court, the bankruptcy court confirmed a bankruptcy plan for State Line Casino, and the related partnership debtors. All assets of State Line Casino were distributed and all creditors with allowed claims were paid in full. The bankruptcy court entered a final decree closing State Line Casino’s bankruptcy on March 31, 2005. State Line Casino no longer exists. Because we can grant no effective relief, Jorgenson’s appeal is constitutionally moot.[1] See In re Focus Media, Inc., 378 F.3d 916, 922 (9th Cir.2004) (stating that a bankruptcy appeal may become constitutionally moot where “events may occur that make it impossible for the appellate court to fashion effective relief’).
*462 Having concluded that Jorgenson’s appeal is moot, we consider vacatur. Where, as here, the appeal becomes moot through no act of the party seeking relief, our general practice is to vacate both the judgment of the BAP and the bankruptcy court. In re Burrell, 415 F.3d 994, 1000 (9th Cir.2005) (“We hold that in such a situation, if the appeal has become moot through no act of the party seeking relief, [United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950),] requires vacatur of both the judgments of the district court or the BAP and the bankruptcy court.”). We therefore vacate the judgment of the BAP and remand with instructions to vacate the bankruptcy court’s judgment and to dismiss the case. Jorgenson’s appeal is hereby dismissed as moot.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Nor are we persuaded by Jorgenson’s argument that this appeal is not constitutionally moot because we could fashion relief by ordering State Line Hotel, Inc., or Jim’s Enterprises, Inc., the remaining corporate debtors, to pay her claim from the purported "net cash available" after payment of allowed claims, other administrative expenses, and U.S. Trustee fees. Jorgenson asserted a claim only against State Line Casino and the record fails to establish that the purported net cash available was attributed to State Line Casino. Jorgenson’s reliance on In re Dynamic Brokers, Inc., 293 B.R. 489 (9th Cir.BAP 2003), for the contrary is misplaced. Unlike this case where the plan has been confirmed and all assets distributed, in Dynamic Brokers “only a small portion of the plan's payments ha[d] been made, and future payments could [have] be[en] adjusted if [the appellant's] claim must be paid in full." Id. at 494.