**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-18-1106-BSL |
| DANIEL ALLEN DONNAN and GERARDEE MARIA DONNAN, | Bk. No. 17-90564-RSB |
| Debtors. | |
| BAYVIEW LOAN SERVICING, LLC, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| DANIEL ALLEN DONNAN; GERARDEE MARIA DONNAN, | |
| Appellees. | |

Argued and Submitted on January 24, 2019
at Sacramento, California

Filed – April 29, 2019

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

---

Appearances:    Lior Katz argued for Appellant Bayview Loan Servicing,
LLC; Appellees Daniel and Gerardee Donnan did not
appear.

---

Before:    BRAND, SPRAKER and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Appellant Bayview Loan Servicing, LLC ("Bayview") appeals an order sustaining in part the debtors' objection to Bayview's proof of claim and reducing the claim for prepetition mortgage-related fees from $6,605.75 to $600.00. We VACATE and REMAND.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The debtors, Daniel and Gerardee Donnan, filed their chapter 13[1] bankruptcy case on July 10, 2017. Bayview holds the first deed of trust against the Donnans' residence. In August 2013, the Donnans obtained a loan modification agreement from Bayview. Despite the loan modification,

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

the Donnans again defaulted, and a foreclosure sale was set for August 1, 2017, apparently prompting the Donnans' bankruptcy filing on July 10.

Bayview timely filed its proof of claim ("Claim"), listing prepetition mortgage arrears of $22,082.86. Of this amount, Bayview asserted that $6,605.75 was for "prepetition fees." Bayview attached to the Claim an accounting of the payment history for the Donnans' mortgage.

The Donnans objected to the Claim ("Claim Objection") only with respect to the $6,605.75 in prepetition fees and costs, arguing that Bayview had failed to show what the fees and costs were for. Counsel for the Donnans explained that, prior to filing the Claim Objection, she had obtained from Bayview's counsel an accounting of the prepetition fees and costs. The breakdown, which the Donnans attached to the Claim Objection, provided both a chronological summary of all fees incurred, plus a summary by category broken down by fee type:

| | |
|---|---|
| Foreclosure Attorney's Fees and Costs: | $ 9,153.90 |
| Non-Sufficient Fund (NSF) Fees/Late Charges: | $ 820.60 |
| Broker's Price Opinion Fees: | $ 225.00 |
| Property Inspection Fees: | $ 544.50 |
| Conversion Balances: | $ (4,138.25) |
| TOTAL: | $ 6,605.75 |

The Foreclosure Attorney's Fees and Costs category was comprised of $6,880.15 for foreclosure costs and $2,273.75 for attorney's fees. The

breakdown also included a Conversion Balances credit of $4,138.25, which, when credited against the total fees and costs of $10,744.00, resulted in the amount at issue of $6,605.75.

After reviewing the breakdown, counsel for the Donnans said she was still unable to determine what work was included in the Foreclosure Attorney's Fees and Costs. Further, there appeared to be attorney fee charges for work done postpetition. In sum, the Donnans argued that "most of the fees and costs [were] unreasonable and should not be allowed." They requested that Bayview provide a revised accounting and an explanation of the work done. If Bayview could not do so, the Donnans requested that the court reduce the prepetition fees and costs from $6,605.75 to $600.00.

Bayview opposed the Claim Objection, arguing that, the Donnans had not met their burden to rebut the Claim's prima facie validity and amount; they failed to explain why the prepetition fees and costs were unreasonable; and they provided no evidence in support of their arbitrary request that the court reduce the fees to $600.00. Contrary to the Donnans' argument, Bayview argued that the breakdown provided a very detailed itemization of the subject fees and costs.

Bayview maintained that the promissory note and deed of trust authorized collection of the fees set forth in the Claim. As for the Donnans' assertion that some of the Foreclosure Attorney's Fees and Costs may have been incurred postpetition, Bayview explained that all of the fees were

4

incurred prepetition but some were paid postpetition; hence, the postpetition dates noted in the breakdown. Bayview explained that the Conversion Balances totaling $4,138.25 consisted of "internal credits" applied to the Donnans' loan as a result of the August 2013 loan modification. Since some of the fees listed in the breakdown occurred before the loan modification, and since the loan modification had accounted for those fees, Bayview issued these credits to offset the pre-loan modification charges.

Three days prior to the Claim Objection hearing, the bankruptcy court issued its tentative ruling. Overall, the court found that the Conversion Balances were "confusing" and "render[ed] the entire accounting [in the breakdown] suspect." It also found that the "absence of any admissible evidence supporting the accounting render[ed] the accounting of little value."

Specifically, the court believed that the Foreclosure Attorney's Fees and Costs of $9,153.90 were "excessive" and not supported with any evidence, such as time sheets to indicate who performed the services, at what hourly rates, or what services were performed. The court also rejected, for lack of admissible evidence, Bayview's contention that all of the Foreclosure Attorney's Fees and Costs were incurred prepetition but some paid postpetition. In sum, the court found that no evidence supported the reasonableness of the Foreclosure Attorney's Fees and Costs

in any amount, as opposed to ordinary foreclosure costs. Finally, the court found that the Property Inspection Fees were unreasonably high, and, while the Late Charges appeared reasonable and allowed by the note, it was not clear what document authorized the NSF fees.

Because of the "uncertainty" created by the Conversion Balances, the court tentatively ruled that it would not allow any particular amounts for the categories identified in the breakdown and would disallow the prepetition fees and costs in any amount over $600.00.

At the beginning of the hearing on the Claim Objection, counsel for Bayview asked for a continuance to allow for additional briefing on the issues and arguments raised sua sponte in the court's tentative ruling, such as the Conversion Balances credits. The court declined counsel's request, stating that the record was closed. The court also did not allow Bayview's counsel to explain the details behind the Conversion Balances credits, because those matters were outside of the record. Bayview's counsel then stated that he had just received the invoices for the Foreclosure Attorney's Fees and Costs, but that he did not want to burden the court by filing them at the last minute. He again asked for additional time for further briefing, but the court denied the request, noting that Bayview should have made its case in its opposition.

Finding nothing persuasive at oral argument, the court adopted the tentative as its final ruling and ordered that the amount of prepetition fees

and costs be reduced from $6,605.75 to $600.00. Bayview timely appealed the court's later written order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court properly allocate the burdens of proof?

2. Did the bankruptcy court abuse its discretion by not allowing further briefing or by not conducting an evidentiary hearing?

3. Did the bankruptcy court err by reducing the prepetition fees and costs to $600.00?

## IV. STANDARDS OF REVIEW

Whether the bankruptcy court properly allocated the burdens of proof is a question of law we review de novo. *Margulies Law Firm v. Placide (In re Placide)*, 459 B.R. 64, 71 (9th Cir. BAP 2011) (citing *People's Ins. Co. of China v. M/V Damodar Tanabe*, 903 F.2d 675, 682 (9th Cir. 1990)). On the other hand, whether an objecting party has produced sufficient evidence to rebut an evidentiary presumption is a factual question we review for clear error. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 619 (9th Cir. BAP 2000) (citing *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.)*, 96 B.R. 275, 277 (9th Cir. BAP 1989)). "A bankruptcy court's factual findings are not clearly erroneous unless they are illogical, implausible or without support

7

in the record." *Ezra v. Seror (In re Ezra)*, 537 B.R. 924, 929 (9th Cir. BAP 2015) (citing *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010)).

Whether a particular procedure comports with basic requirements of due process is a question of law we review de novo. *In re Garner*, 246 B.R. at 619.

## V. DISCUSSION

**A.    The bankruptcy court properly shifted the burden of proof to Bayview on the Foreclosure Attorney's Fees and Costs only**.

A claim is deemed allowed absent objection from a party in interest. § 502(a). The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Rule 9014 and must be resolved after notice and opportunity for hearing. *See* Adv. Comm. Notes to Rule 9014; *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.)*, 323 B.R. 703, 710 (9th Cir. BAP 2005), *vacated and remanded on other grounds*, 242 F. App'x 460 (9th Cir. 2007).

Rule 3001(f) creates an evidentiary presumption of validity for a properly filed proof of claim. A mere formal claim objection, without evidence, cannot defeat a claim presumed to be valid under Rule 3001(f). *In re Lundell*, 223 F.3d at 1039. To overcome the Rule 3001(f) presumption, the objecting party must present evidence tending to rebut the claim — evidence with probative force equal to that of the creditor's proof of claim.

*Id.* The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.*

If the objecting party successfully rebuts the presumption, the claimant bears the burden of proof to show by a preponderance of the evidence that its claim is valid, and "the ultimate burden of persuasion remains at all times upon the claimant." *Id.* But if the objecting party does not rebut the presumption, the claims litigation ends there; the claim should be allowed without the claimant bearing any further burden to demonstrate the validity of its claim. *Id.* at 1041.

Bayview attached to its proof of claim the writings on which its claim and security interest were based — the note, deed of trust, and assignment. *See* Rule 3001(c)(2)(C) & (d). Bayview also attached the required form stating the amount necessary to cure the prepetition default. *See* Rule 3001(c)(2)(B). In addition, Bayview attached an accounting of the prepetition payment history for the Donnans' mortgage. *See* Rule 3001(c)(2)(A). Thus, on its face, Bayview's Claim satisfied all of the above requirements and was prima facie evidence of its validity and amount for the prepetition fees and costs.

The Donnans' Claim Objection had to produce sufficient evidence to show facts tending to defeat Bayview's Claim by probative force equal to that of the Claim's allegations. *In re Lundell*, 223 F.3d at 1039. Bayview

contends that the bankruptcy court erred by shifting the burden of persuasion to Bayview when the Donnans had failed to produce sufficient evidence to rebut the Claim's prima facie effect. We agree in part.

While the Claim Objection was not a beacon of clarity, it did specifically question, supported with the breakdown, whether some of the Foreclosure Attorney's Fees and Costs were incurred postpetition. The Donnans also questioned the reasonableness of these fees, which was a plausible complaint given that Bayview's claim for prepetition fees is subject to a reasonableness standard. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 231-33 (9th Cir. BAP 2003). Because Bayview had the affirmative burden of showing reasonableness as a matter of law, the Claim Objection needed only to note the absence of any such showing, and did not require evidence in support. *Id.* at 233.

On this record, the Donnans provided sufficient evidence to rebut the Claim's prima facie effect with respect to the Foreclosure Attorney's Fees and Costs. The bankruptcy court did not err by shifting the burden to Bayview on this matter.

However, as for the non-attorney's fees and costs portion of the prepetition fees and cost — the Late Charges, NSF Fees, Broker's Price Opinion Fees and Property Inspection Fees — the Donnans merely argued that they were "unreasonable" and "should not be allowed." They provided no explanation or any evidence in support of their contention that these

10

charges were unreasonable, or specifically which charges were unreasonable. This vague allegation was insufficient and never shifted the burden to Bayview. As such, the litigation as to the Late Charges, NSF Fees, Broker's Price Opinion Fees and Property Inspection Fees should have ended there, without Bayview having to bear any further burden to demonstrate their validity. *In re Lundell*, 223 F.3d at 1041.

Nonetheless, the bankruptcy court tried to "fill in the blanks" for the Donnans, raised its own objections to these charges, and shifted the burden of persuasion to Bayview. Making matters worse, the court provided Bayview no opportunity to defend them. It is not the court's task to conduct an independent review of each charge (or credit) where no substantive objection has been presented. In fact, doing so ignores Rule 3007.[2] *See Foremost Fin. Servs. Corp. v. White (In re White)*, 908 F.2d 691, 693 (11th Cir. 1990) (sua sponte ruling on a creditor's claim in the absence of an objection ignores the procedural requirements of Rule 3007).

The Donnans had the burden to present "sufficient evidence" to defeat the non-attorney fees and costs portion of the prepetition fees and costs and they failed to do so. The bankruptcy court erred by shifting the

---

[2]  Specifically, Rule 3007(a)(1) provides:

An objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.

11

burden to Bayview to prove the validity of its Claim based on objections that went beyond what the Donnans argued.

**B.     The bankruptcy court abused its discretion by denying further briefing on the Foreclosure Attorney's Fees and Costs.**

The only portion of the prepetition fees and costs that should have been at issue were the Foreclosure Attorney's Fees and Costs. Because material factual issues were in dispute, an evidentiary hearing should have been held, absent waiver. Unless waived by the parties, Rule 9014 requires testimony with respect to disputed material factual issues to be taken in the same manner as in the trial of an adversary proceeding. Rule 9014(d);[3] *Khachikyan v. Hahn (In re Khachikyan)*, 335 B.R. 121, 126 (9th Cir. BAP 2005). Bayview did not request an evidentiary hearing, but it did ask for an opportunity to further brief the issue of the Foreclosure Attorney's Fees and Costs and to submit the time sheets it had apparently obtained after the tentative ruling. That request was denied. Bayview argues that the bankruptcy court erred by not allowing the briefing.

Local Rules 3007-1 and 9014-1 govern claim objections and evidentiary hearings.[4] Under these rules, because Bayview did not file a

---

[3] Rule 9014(d) provides that "[t]estimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding."

[4] The relevant Local Bankruptcy Rules for the Eastern District of California provide:

(continued...)

separate statement of disputed material facts with its opposition, it is deemed to have agreed that the court could resolve these issues on the written record, and the evidentiary record closed once the time expired for the filing of the reply. Accordingly, Bayview waived its right to an evidentiary hearing or the right to submit any additional briefing and evidence to support its opposition.[5]

Notwithstanding Bayview's deemed waiver, however, we believe

---

[4](...continued)
LBR 3007-1(b)(1)(A): The opposition shall specify whether the responding party consents to the Court's resolution of disputed material factual issues pursuant to Fed. R. Civ. P. 43(c) as made applicable by Fed. R. Bankr. P. 9017. If the responding party does not so consent, the opposition shall include a separate statement identifying each disputed material factual issue. The separate statement shall enumerate discretely each of the disputed material factual issues and cite the particular portions of the record demonstrating that a factual issue is both material and in dispute.

LBR 3007-1(b)(1)(B): Unless the Court determines that an evidentiary hearing is necessary, the evidentiary record closes upon expiration of the time for the filing of the reply.

LBR 9014-1(a): Except as otherwise provided in LBR 3007-1, this Local Rule shall apply to objections to proofs of claim.

LBR 9014-1(g)(3): Evidentiary Hearings: An opposition and/or reply to a motion shall state whether a party consents to the use of affidavits in accordance with Fed. R. Civ. P. 43(c). Any party that fails to file the separate statement of disputed material facts as required by LBR 9014-1 will thereby consent to proceed on the basis of the written record without live testimony.

[5] That is, Bayview waived its right to an evidentiary hearing or further briefing on at least the issues of which it had notice and were rightfully in dispute.

13

that the bankruptcy court abused its discretion by not, at minimum, granting a continuance for further evidence and briefing on the Foreclosure Attorney's Fees and Costs. Clearly, the court's ruling as to these fees and costs was influenced by its impression of the Conversion Balances, which the court found to be confusing, rendering the entire breakdown suspect, and this was the primary reason why it did not allow the fees in **any** amount. However, the court raised the issue of the Conversion Balances sua sponte in the tentative ruling, after the record was closed, and it never provided Bayview with a meaningful opportunity to address it. Perhaps, once Bayview is given a chance to explain the basis for these credits, it may be awarded a reasonable amount of these fees and costs. We also note that, of the $9,153.90 Bayview claimed for the Foreclosure Attorney's Fees and Costs, only $2,273.75 was incurred for actual attorney's fees; the remainder was for foreclosure costs, and it appears that at least two foreclosure proceedings occurred here — one in 2013 and one in 2017.[6]

---

[6] Bayview argues that the bankruptcy court erred by failing to consider California non-judicial foreclosure law, namely Cal. Civ. Code 2924c, subdivision (d), which provides for a base amount of attorney's fees that a lender may charge for a trustee's sale and that is presumed valid by law. While this is a compelling argument, we will not consider it because it was not raised before the bankruptcy court. "The rule in this circuit is that appellate courts will not consider arguments that are not 'properly raise[d]' in the trial courts." *O'Rourke v. E.R. Fegert, Inc. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (citations omitted).

**C.** **The bankruptcy court failed to make any findings to support its decision to reduce the prepetition fees and costs to $600.00.**

Because a claim objection is a "contested matter" and governed by Rule 9014, *Litton Loan Servicing LP v. Garvida (In re Garvida)*, 347 B.R. 697, 704 (9th Cir. BAP 2006), the bankruptcy court must render findings of fact and conclusions of law as required by Civil Rule 52(a) (incorporated by Rules 7052 and 9014(c)). *Rediger Inv. Corp. v. H Granados Commc'ns, Inc. (In re H Granados Commc'ns, Inc.)*, 503 B.R. 726, 732 (9th Cir. BAP 2013). These findings must be sufficient to indicate the factual basis for the court's ultimate conclusion. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1444 (9th Cir. 1985). The findings must be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003); *Unt*, 765 F.2d at 1444.

Not only did the bankruptcy court err by arbitrarily reducing the prepetition fees and costs to $600.00, a number that was thrown out by the Donnans but never supported, it further erred by not articulating any findings to support its decision to reduce the fees to that specific amount. In any case, this amount could not stand even had the court made the proper findings as the Donnans' objection never rebutted the prima facie validity of Bayview's Claim beyond the amounts sought for the category of

Foreclosure Attorney's Fees and Costs.

## VI. CONCLUSION

For the reasons stated above, we VACATE the bankruptcy court's ruling sustaining the Claim Objection and REMAND for further proceedings consistent with our decision.